**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS | ) ) ) | CIVIL ACTION |
| Plaintiff, | ) ) ) | Case No. |
| v. | ) ) ) | |
| LAKESHORE EXHIBIT, INC. | ) ) | |
| Defendant. | ) ) | |

### C O M P L A I N T

Now comes the Plaintiff, the Chicago Regional Council of Carpenters, by its attorney, Travis J. Ketterman of McGann Ketterman & Rioux, complaining of the Defendant, Lakeshore Exhibit, Inc., and allege as follows:

1. This action arises under Section 301 of the Labor Management Relations Act (29 U.S.C. §185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Chicago Regional Council of Carpenters is a labor organization that represents the carpenter employees of Lakeshore Exhibit, Inc. The Chicago Regional Council of Carpenters has its main headquarters at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. Lakeshore Exhibit, Inc. is an employer engaged in an industry affecting commerce that entered into a Collective Bargaining Agreement with the Chicago Regional Council of Carpenters.

4. Lakeshore Exhibit, Inc. is required to pay wages and benefits for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements.

5. Pursuant to the provisions of the Collective Bargaining Agreements, Lakeshore Exhibit, Inc. is required to provide access to the records necessary for the Chicago Regional Council of Carpenters to determine whether there has been compliance with the obligation under the Collective Bargaining Agreement.

6. Lakeshore Exhibit, Inc. breached the provisions of the Collective Bargaining Agreement by failing to allow Plaintiffs to complete an audit of Defendant's books and records for the period January 1, 2014 through the present, after demand for the audit was made upon Lakeshore Exhibit, Inc.

7. Plaintiff has been required to employ the undersigned attorneys to compel the audit of the Defendant's books and records.

8. Lakeshore Exhibit, Inc. is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiff pursuant to the Collective Bargaining Agreements.

WHEREFORE, Plaintiff prays:

A. That the Defendant Lakeshore Exhibit, Inc. be required to provide access to its records within ten (10) days for the period of January 1, 2014 through the present, so that the audit can be completed.

B. That Defendant Lakeshore Exhibit, Inc. be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiff.

C. That Plaintiff has such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

        Respectfully Submitted,

        CHICAGO REGIONAL COUNCIL OF CARPENTERS

        By:  s/Travis J. Ketterman
              TRAVIS J. KETTERMAN

Travis J. Ketterman
Attorney for Plaintiffs
McGann Ketterman & Rioux
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
January 23, 2018